08-0618-cv
*Porter v. Potter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand and ten.

PRESENT:

> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge.**

_____

BRIAN T. PORTER,

> *Plaintiff-Appellant*,

> v.                                                      No. 08-0618-cv

JOHN E. POTTER, Postmaster General,

> *Defendant-Appellee.***

_____

---

\* The Hon. Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

WILLIAM D. MICHAEL, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Daniel J. Kramer, *of counsel*), New York, NY, *for Plaintiff-Appellant*.

JAMES R. CHO (Kevan Cleary, Varuni Nelson, *of counsel*), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Defendant-Appellee*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART** for further proceedings consistent with this order.

Plaintiff-Appellant Brian T. Porter ("Porter") appeals from a November 30, 2007 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) awarding summary judgment in favor of Defendant John E. Potter, United States Postmaster General, on Porter's claims of unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the facts, procedural history, and specification of the issues for review.

We review a district court's grant of summary judgment de novo, construing all the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). Summary judgment is appropriate if there is "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We may affirm on any ground supported by the record, including one not relied on by the District Court. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

2

Title VII retaliation claims are subject to the *McDonnell-Douglas* burden-shifting analysis. *See Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003). The plaintiff therefore must first establish a prima facie case of retaliation by producing evidence that he engaged in protected activity, that his employer was aware of the activity, that his employer took materially adverse action against him, and that a causal connection existed between the protected activity and the adverse action. *See Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006). If the plaintiff meets this initial burden, the defendant then must produce "evidence of a legitimate, nonretaliatory reason for the challenged employment decision." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

> The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated [or retaliated] against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the [challenged actions].

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981) (citation omitted). If the defendant meets this burden of production, the plaintiff, to survive summary judgment, must point to evidence sufficient to permit the factfinder to conclude that the employer's proffered explanations are pretextual. *Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002).

On appeal, Porter challenges the district court's conclusions that (1) he failed to make out a prima facie case of retaliation with respect to the events surrounding the administrative complaints he filed in 1996, and (2) the government satisfied its burden to articulate a legitimate, non-retaliatory justification for the adverse actions it took against Porter in late 2003 and early 2004. With respect to the 1996 events, we find no error in the district court's conclusion that Porter failed to make a prima facie case of retaliation. Several documents in the record indicate that Porter was disciplined

3

by the Postal Service in December 1995, shortly before Porter began filing the administrative complaints that are the subject of this action. Adverse employment actions that are part of an "extensive period of progressive discipline" that begins prior to any protected activity on the plaintiff's part cannot give rise to an inference of retaliation sufficient to make out a prima facie case. *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). Moreover, the record supports Defendant's argument that each adverse action complained of had a legitimate, non-retaliatory justification, including Porter's frequent absence and tardiness, Porter's behavior at work, and Porter's repeated failures to attend required "fitness for duty" examinations. Porter produced no evidence that suggests that these justifications were merely pretext, and therefore the district court's grant of summary judgment in favor of Defendant on these claims was correct.

As to the events of December 2003 through March 2004, the district court determined that Porter made out a prima facie case of retaliation with respect to four actions taken by the Post Office: denial of holiday and overtime pay, the abolishment of Porter's position, a letter of warning sent to Porter on January 26, 2004, and Porter's fourteen-day suspension without pay beginning on February 11, 2004. Porter alleges that these actions were taken in retaliation for his having filed an EEO complaint on December 3, 2003, which related to events taking place between June and September 2003, and for filing this lawsuit on December 18, 2003. The only actions taken by the Post Office that Porter raises on appeal that could qualify as materially adverse for the purposes of a retaliation claim are the denial of holiday and overtime pay (with respect only to the Christmas and New Year's holidays), the January 26 letter of warning, and the fourteen-day suspension. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (discussing "material adversity" standard). The district court concluded that the Defendant proffered a legitimate justification for each action, but

4

its conclusion was not based on any evidence we can find in the record. The documents relating to these events appear not to have been submitted to the district court by the government, and the only piece of evidence actually in the record relating to these claims, a "Final Counseling Interview"of the Postal Service's EEO Dispute Resolution Specialist dated March 9, 2004, does not explain the basis for the Postal Service's actions other than in a conclusory fashion.

Because we are unable to discern on the record before us whether the Defendant offered sufficient evidence before the District Court to support a legitimate, non-retaliatory justification for its actions taken against Porter between December 2003 and March 2004, we VACATE the district court's judgment on Porter's claims relating to the denial of holiday pay alleged in Porter's March 24, 2004 EEO complaint, the January 26, 2004 letter of warning, and the February 11, 2004 fourteen-day suspension, and REMAND for further proceedings. On remand, the district court may elect to reopen the summary judgment record to permit the government to submit the documents the government references on appeal, and then, after Porter is given an opportunity to respond, may determine, in light of the record as supplemented, whether the defendant is entitled to judgment as a matter of law. In all other respects the judgment of the district court is hereby AFFIRMED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART. Costs — whether to award them and the amount — shall abide the decision of the district court on remand.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5